

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DAL:ALC
F. #2012R01694

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 29, 2015

By ECF

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Christopher Thomas
                 Criminal Docket Nos. 11-719 (JG), 11-693 (JG), 02-441 (JG)

Dear Judge Gleeson:

        The government respectfully submits this letter in response to the defendant's submission filed on January 28, 2015 in connection with the violation of supervised release proceeding in the above-referenced matters. See ECF Docket Entry No. 51, Criminal Docket No. 11-693 (JG) ("Def.'s Ltr."). For the reasons stated below, the defendant's argument is without merit and the Court should find the defendant guilty of the charged violation of supervised release ("Charge One").[1]

        In his submission, the defendant argues that the lewd conduct with which he is charged was not in violation of New York State Penal Law § 245.00[2] because it took place

---

    [1]    In the instant letter, the government addresses only the defendant's legal argument raised in his submission filed on January 28, 2015, and does not address any facts the defendant disputes in connection with Charge One. As the undersigned stated on the record at the last court appearance in this proceeding, the government maintains that it has proven Charge One by a preponderance of the evidence.

    [2]    New York State Penal Law § 245.00 provides that:

[a] person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other

The Honorable John Gleeson
January 29, 2015
Page 2

"entirely within a private place that was not visible to the public or from a separate private place." Def.'s Ltr. at 2. However, pertinent precedent in both the New York state courts and the Second Circuit belies the defendant's overly technical reading of § 245.00. As these courts have held, the statute prohibits lewd exposure or conduct committed in view of non-consenting, unsuspecting passersby, irrespective of whether the conduct occurs in a quintessentially public place. See, e.g., People v. McNamara, 78 N.Y.2d 626, 630, 633 (1991) (observing that § 245.00 does not provide a definition of "public place," and opining, "[t]hat a member of the public may pass by is certainly part of the essence of a public place, and the harm to such a person's sensibilities is precisely that aimed at by the statute");[3] People v. Anonymous Female, 539 N.Y.S.2d 868, 871 (Buffalo City Ct. 1989) (holding that "[w]hether or not the alleged lewd conduct was in a public or private place, or premises, per se, is not controlling" under § 245.00); People v. Conrad, 334 N.Y.S.2d 180, 183 (Buffalo City Ct. 1972) ("It should be obvious to anyone after such an examination that the legislature intended [§ 245.00] to proscribe indecent or lewd exposure or acts directed toward unsuspecting, unwilling, non-consenting, innocent, surprised or likely-to-be offended or corrupted types of viewers."); see also United States v. Paine, No. 96-CR-14 (JG), 1997 WL 1048903, at *4 (E.D.N.Y. Feb. 3, 1997) (holding, in analyzing a federal statute that adopted § 245.00, that the statute "protects unsuspecting, casual passersby from being exposed to lewd conduct"). As these cases make abundantly clear, the defendant's charged conduct epitomizes the misconduct § 245.00 was designed to prevent.

Although Pratt Institute in Brooklyn, New York ("Pratt") is private rather than public "in a property sense," this fact is not dispositive. See, e.g., McNamara, 78 N.Y.2d at 633 (noting in the converse context that places "public in a property sense can be very private in terms of the likelihood of casual observation," and thus establishing that the public-vs.-private designation in a property sense is not dispositive under § 245.00); Anonymous Female, 539 N.Y.S.2d at 871. However, the defendant's charged act of public lewdness nevertheless falls squarely within the heartland of offenses § 245.00 prohibits. The defendant – who was neither enrolled at nor employed by Pratt – committed the charged act in the late morning of a weekday when school was in session, unquestionably in the line of sight of an unwilling, unsuspecting and non-consenting student (whom he had observed

---

lewd act (a) in a public place, or (b) in private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed.

[3] Apart from seeking to distinguish the facts of this case from those of In re: Paul R., 516 N.Y.S.2d 790 (App. Div. 2d Dep't 1987) – a summary decision that does not explicate the text or purpose of § 245.00 – the defendant makes no attempt to reckon with this unfavorable precedent. Further, the In re: Paul R. decision did not purport to limit the statute's reach to lewd displays "in full public view," such as the conduct at issue in that case. Id. at 791.

while pacing outside her classroom moments before), while she was attending class and with the strong possibility that other students or casual passersby would see him. On these facts, irrespective of whether the relevant hallway at Pratt is more properly classified under subdivision (a) or (b) of § 245.00, there can be no question that the defendant's charged conduct falls within the scope of the statute's prohibition. See McNamara, 78 N.Y.2d at 635 (holding that parked cars on public streets may be deemed public places for purposes of § 245.00 "when the objective circumstances establish that the lewd acts committed there can and likely would be seen by the casual passerby"); People v. Giffin, No. 2008NA002121, 2009 WL 1313341, at *4 (Nassau Cnty. Ct. 1st Dist. May 13, 2009) (facts of defendant's indecent exposure and lewd acts in a bar toward another bar patron at 2:15 a.m. established that the offense conduct was "committed in a public place within the meaning of [§ 245.00]").

       Accordingly, the Court should reject the defendant's argument and find him guilty of the charged violation of supervised release.

       Respectfully submitted,

       LORETTA E. LYNCH
       United States Attorney

By:    /s/
       Alicyn L. Cooley
       Assistant U.S. Attorney
       (718) 254-6389

cc:    Clerk of the Court (JG) (by ECF)
       Defense counsel (by E-mail and ECF)