** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| April 11, 2020 at 10:27:46 PM EDT | BOP Inmate | 61 | 2 | Received |

Case 1:02-cr-00441-AMD   Document 266   Filed 04/13/20   Page 1 of 2 PageID #: 613

04/11/2020 21:26                         BOP Inmate    917-727-9194                                          P 1

---

### EMERGENCY MOTION * * * THREAT OF COVID-19 * * * EMERGENCY MOTION

---

APRIL 10, 2020

THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

Re: United States v. Christopher Reese-Thomas, Docket No. 02-CR-441 (AMD)

Dear Judge Donnelly:

    Defendant respectfully submits this letter-motion, pursuant to 18 U.S.C. 3582(c)(1)(A), seeking an order modifying the four month term of imprisonment imposed upon a violation of supervised release in the above referenced case, based on the existence of extraordinary and compelling reasons. Defendant also seeks the appointment of counsel. For the reasons that follow, this motion should be granted.

    By way of background, on June 20, 2003, Defendant was sentenced upon a plea of guilty to wire fraud conspiracy and wire fraud, to 115 months imprisonment, to be followed by three years of supervised release. On October 22, 2009, Defendant was released from custody and commenced his supervised release. On January 29, 2015, Defendant was sentenced to four months imprisonment after the Court found that he violated the terms and conditions of his supervised release. That sentence is currently being served.

    Defendant now seeks an order modifying the four month term of imprisonment. As amended by the First Step Act of 2018, 18 U.S.C. 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment "upon a motion of the defendant after the . . . lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. 3582(c)(1)(A)(i); United States v. Urso, 2019 U.S. Dist. LEXIS 184313, *4 (E.D.N.Y. Oct. 23, 2019); see also United States v. Fai, 2019 U.S. Dist. LEXIS 126774 (E.D.N.Y. July 30, 2019)(granting motion and modifying life term of imprisonment to time-served).

    On December 30, 2019, Defendant submitted a written request to the warden of his facility seeking his release under Section 3582(c)(1)(A), based on the existence of extraordinary and compelling reasons. That request went unanswered. On February 28, 2020, Defendant again requested that the warden release him under Section 3582(c)(1)(A). Like the first request, that request went unanswered. Thus, under Section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, this Court has jurisdiction to entertain this motion and modify the term of imprisonment.

    Further, on April 8, 2020, Defendant requested that he be placed in home confinement in accordance with both CARES Act of 2020, and the directive given to the Federal Bureau of Prisons on April 3, 2020, by U.S. Attorney General William Barr, via memorandum (the "April 3, 2020 Memo"). The April 3, 2020 Memo expressly directed that all inmates who are "at-risk" for contracting and dying from the novel coronavirus be immediately released to home confinement. The list of inmates deemed "at-risk," includes those inmates that are 50 years or older with cardiac conditions, diabetes, and asthma.

    Defendant suffers from congestive heart failure, patent ductus arteriosis, dilated cardiomyopathy, and has an injection fraction of 22%. In addition, defendant suffers from asthma, high blood pressure, diabetes and epilepsy. It has been determined that Defendant requires cardiac surgery. Thus, Defendant is most susceptible to contracting and perishing from the novel coronavirus, and the spread of that virus throughout the

federal prison systems increases the risk and likelihood that the four months term of imprisonment imposed in this case could amount to a death sentence. Defendant is currently scheduled to be released on December 3, 2020.

     It should also be noted that given the current state of Defendant's health, he poses no danger to society and he is certain not to revert back to criminal activity. Given his age (52), poor health and total disability by virtue of his debilitating illnesses, a decision to modify and reduce the term of imprisonment impose her to one (1) day of imprisonment would be in the best interest of the public and Defendant. In the alternative, Defendant requests that the Court modify the sentence to order that the four month term imposed for the supervised release violation run concurrently (as opposed to consecutively) with the 108 month term of imprisonment imposed in United States v. Christopher E. Reese, Docket No. 12 Cr. 629 (VM), in the Southern District of New York on January 24, 2014.

     WHEREFORE, for the reasons stated the Court should appoint counsel and promptly modify the four month term of imprisonment by reducing the same to one (1) days imprisonment, or in the alternative amend the judgment and order the four month term to run concurrent with the undischarged term of imprisonment imposed in the Southern District of New York.

Respectfully submitted,

/s/ Christopher E. Reese-Thomas

_____
CHRISTOPHER E. REESE-THOMAS
REGISTER NO. 17878-083
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

cc: U.S. Attorneys Office (EDNY)