

U.S. Department of Justice

United States Attorney
Eastern District of New York

WK:ADW
F. #2012R01694

271 Cadman Plaza East
Brooklyn, New York 11201

April 17, 2020

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Christopher Reese-Thomas
                Criminal Docket No. 02-441 (AMD)

Dear Judge Donnelly:

      The government respectfully submits this response to the defendant Christopher Reese-Thomas's pro se motion for a compassionate release order pursuant to Title 18, United States Code, Section 3582(c)(1)(A)(i). See Motion, ECF Dkt. No. 266 ("Mot."). For the reasons set forth below, the Court should deny the defendant's motion as premature or, alternatively, grant the government until April 27, 2020 to investigate the defendant's allegations and respond accordingly.

    A.    Background

      In April 2002, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with multiple counts including wire fraud and conspiracy to commit wire fraud. On August 16, 2002, the defendant pleaded guilty in the Eastern District of New York to one count of wire fraud conspiracy and eight counts of wire fraud. See ECF Dkt. No. 44. On June 19, 2003, Judge Gleeson sentenced the defendant to a total of 115 months of imprisonment and three years of supervised release on the wire fraud conspiracy and wire fraud convictions. The defendant commenced his term of supervised release on October 22, 2009.

      On November 1, 2011, the defendant violated his supervised release by engaging in new criminal conduct — specifically, by committing a lewd act inside the chemistry building of the Pratt Institute, an undergraduate and graduate school located in Brooklyn. The defendant was subsequently arrested by the New York City Police Department and charged with crimes including public lewdness in violation of N.Y.P.L.

§ 245.00(a). The Probation Department thereafter filed a petition with Judge Gleeson charging the defendant with a Grade C violation of his supervised release based on his commission of new criminal conduct in violation of N.Y.P.L. § 245.00(a).

On November 29, 2012, the defendant was again arrested for new criminal conduct and was charged in the Southern District of New York with bank fraud, conspiracy to commit bank fraud, conspiracy to commit wire fraud and aggravated identity theft. See United States v. Reese et al., Case No. 12-CR-629 (VM) (S.D.N.Y.). Following a jury trial, the defendant was convicted on all of these counts. On January 24, 2014, the Honorable Victor Marrero sentenced the defendant to an aggregate term of 108 months of incarceration and four years of supervised release. See id. ECF Dkt. No. 132.

Following an evidentiary hearing held on September 9 and December 15, 2014, Judge Gleeson revoked the defendant's supervised release in the Eastern District of New York and imposed a four-month term of incarceration to run consecutively to the 108-month sentence imposed by Judge Marrero. At present, the defendant is still serving the sentence imposed by Judge Marrero in the Southern District case and has a scheduled release date of December 3, 2020. See Mot. at 2. Thus, the defendant remains months away from serving the four-month sentence imposed in the instant violation of supervised release proceeding. The defendant is incarcerated at FCI Allenwood Low, a Bureau of Prisons ("BOP") correctional institution located in Allenwood, Pennsylvania.

On April 13, 2020, the defendant filed the instant motion to modify the four-month sentence imposed for his violation of supervised release. The defendant asks that the Court reduce the sentence to one day of imprisonment or amend the judgment so that the four-month sentence runs concurrently with the term he is currently serving. The defendant relies on the "extraordinary and compelling reasons" provision of Section 3582(c)(1)(A)(i), citing alleged health conditions and COVID-19. See id. at 1-2 ("Defendant suffers from congestive heart failure, patent ductus arteriosis, dilated cardiomyopathy, and has an injection fraction of 22%. In addition, defendant suffers from asthma, high blood pressure, diabetes and epilepsy. It has been determined that Defendant requires cardiac surgery. . . . the spread of [COVID-19] throughout the federal prison systems increases the risk and likelihood that the four months term of imprisonment imposed in this case could amount to a death sentence."). The defendant also claims that he submitted written requests for release under Section 3582(c)(1)(A) to the warden of his facility on December 30, 2019 and February 28, 2020, but that both requests went unanswered. Id. at 1.

B. Argument

Title 18, United States Code, Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"), provides that a court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). To grant relief under Section 3582(c)(1)(A), a court must also conclude that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2); see, e.g., United States v. Urso, No. 03-CR-1382 (NGG), 2019 WL 5423431, at *2 (E.D.N.Y. Oct. 23, 2019).

The Court should deny the defendant's motion for several reasons.

First, the defendant has not established that he has satisfied Section 3582(c)(1)'s exhaustion requirement. Though the defendant claims he petitioned the BOP for release on December 30, 2019 and February 28, 2020 and did not receive a response on either petition, he does not provide any documentation to substantiate that either of these occurred. Nor does the defendant indicate whether either petition was based on concerns over COVID-19 specifically.[1] Absent a demonstration that he has exhausted his administrative remedies with respect to these particular claims, the defendant's motion is premature. See United States v. Christopher Reese, Case No. 12-CR-629 (VM), ECF Dkt. No. 278 at 5 (S.D.N.Y. Apr. 13, 2020) (denying defendant Christopher Reese-Thomas's Section 3582(c)(1)(A) motion because it did not present evidence that defendant had requested relief from the BOP on COVID-19 grounds, and directing the defendant to "attach documentation proving both his satisfaction of the exhaustion requirements and his medical conditions" before refiling the motion with the court); United States v. Mathis, Case No. 02-CR-891 (ARR), ECF Dkt. No. 620 at 2 (E.D.N.Y. Feb. 4, 2020) (Section 3582(c)(1)(A) petition was premature because defendant's motion did "not contain the documentation

---

[1] Given that community spread of COVID-19 within the United States was not generally known until March 2020, it is exceedingly unlikely that the defendant could have asserted COVID-19 as the basis for a petition on December 30, 2019 or February 28, 2020.

necessary to show either that he has exhausted his administrative remedies with the BOP or that thirty days have elapsed since the warden received his request for relief").

<u>Second</u>, the defendant's motion is premature because he is not yet serving the sentence that he seeks to modify. As the defendant's scheduled release date is December 3, 2020, he will not begin serving the four-month term of incarceration imposed in this proceeding until approximately August of this year. In other words, the defendant is asking the Court for relief that would not affect him for several more months on the basis of conditions that supposedly exist at FCI Allenwood Low today.[2] It is impossible to know what the conditions at FCI Allenwood Low will be several months from now with respect to COVID-19 or otherwise. Accordingly, the defendant's motion should be denied as premature, with leave to refile at a later, more appropriate date.

<u>Finally</u>, should the Court conclude that the defendant's motion is ripe for consideration, the government respectfully requests until April 27, 2020 to investigate the defendant's allegations so that it may respond on the merits.

C. <u>Conclusion</u>

For the reasons set forth above, the defendant's request to modify his sentence should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE<br>
United States Attorney

By: /s/ Andrew D. Wang<br>
Andrew D. Wang<br>
Assistant U.S. Attorney<br>
(718) 254-6311

cc: Clerk of Court (AMD) (by ECF)
    Christopher Reese-Thomas (<u>pro se</u>) (by Regular Mail)

---

[2] Notably, the BOP's online resource for COVID-19 does not indicate that there are any open confirmed cases of COVID-19 at FCI Allenwood Low as of April 17, 2020.