```
         ** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
 TIME RECEIVED                  REMOTE CSID         DURATION   PAGES    STATUS
 April 18, 2020 at 4:58:39 PM EDT   BOP Inmate          56         2       Received
```
04/18/2020 15:57                          BOP Inmate    917-727-9194                                              P 1

APRIL 17, 2020

THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

   Re: United States v. Christopher E. Reese-Thomas, Docket No. 02-CR-441 (AMD)

Dear Judge Donnelly:

  Defendant respectfully submits this brief reply to the Government's letter today opposing the emergency motion to modify the four month term of imprisonment imposed in this case. For the reasons that follow, the 18 U.S.C. 3582(c)(1)(A) motion should be summarily granted.

  The Government makes a number of arguments in opposition of the pending motion. It argues that the motion is premature, and that Defendant has not exhausted his administrative remedy. The Government also argues that Defendant has not begun serving the sentence imposed in this case. Each of the Government claims should be swiftly rejected by the Court.

  First, Defendant does hereby affirm and declare under penalty of perjury, and pursuant to 28 U.S.C. 1746, that on April 9, 2020 and again on April 13, 2020, he was advised by the Warden that he does not meet the criteria for release under the CARES Act or orders given by the U.S. Attorney General to release federal prisoners who are "at-risk" because they have COVID-19 risk factors, as determined by the CDC. Thus, Defendant has exhausted his administrative remedies, and any further attempts at exhaustion would be futile and are, thus, not required since the agency has already decided the issue of eligibility. See, e.g., Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019)(holding exhaustion not required where agency has already decided issue). Thus, Defendant has exhausted his administrative remedies. Further, the Court should not afford the Government an additional opportunity to investigate whether exhaustion was accomplished since it would have taken the Government only 5 minutes (at best) to telephone the institution and inquire. had they done so, they would know that the Warden has decided (twice) that the undersigned is not eligible for COVID-19 relief, due to his "low" -- as opposed to "minimum" -- risk of recidivism.

  It also bears noting that since all federal prisons are "lockdown" -- commencing April 1, 2020, and extended to at least May 18, 2020 -- inmates are not able to access copies of electronic requests or responses from the Warden or other institutional staff. That includes, but is not limited to, medical records. Thus, Defendant is in no position to provide such materials to the Court. In fact, the pleadings in this case have been furnished upon the Court by facsimile due to the lockdown, and the inaccessibility to legal writing materials, printers and photocopy machines.

  Second, while the Government argues that Defendant has not begun serving the four months sentence, they are incorrect. Since the sentence imposed in this case is a consecutive sentence, the term is combined with the 108 months term imposed in the Southern District -- for a combined term of 112 months. Thus, the sentences are currently being served. Further, as noted in the supplemental pleading filed in this case, if relief is granted on the pending motion, it will render Defendant eligible for immediate release to home confinement or a community corrections center. On April 16, 2020, Defendant signed documentation at the request of BOP staff to transfer him to home confinement and a community corrections center as early as June 3, 2020. Thus, if the Court grants this motion, Defendant will be eligible for immediate release by the BOP, as stated.

Finally, contrary to the Government deliberate misrepresentation and misleading statement, L.S.C.I. Allenwood is one of several facilities within the Federal Correction Complex Allenwood. Staff from all facilities can often be seen working overtime in L.S.C.I. Allenwood, despite the assignment to one of the greater security facilities at the complex. At least one staff member has tested positive for the virus, and there was at least one inmate who exhibited symptoms after being transferred into the facility. The Government's deliberate withholding of that information is designed to make light of the impact of the pandemic on the inside of the prison, and Defendant's risk for contracting and perishing from the virus.

Accordingly, for the reasons stated, the Court should promptly grant the emergency motion.

Respectfully submitted,

/s/ Christopher E. Reese-Thomas
_____
CHRISTOPHER E. REESE-THOMAS
REGISTER NO. 17878-083
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

cc: U.S. ATTORNEYS OFFICE (EDNY)