** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| May 1, 2020 at 12:41:03 AM EDT | BOP Inmate | 44 | 1 | Received |

Case 1:02-cr-00441-AMD   Document 274  Filed 05/04/20  Page 1 of 1 PageID #: 629

04/30/2020 23:40                BOP Inmate    917-727-9194                          P 1

APRIL 30, 2020

THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

        Re: United States v. Christopher E. Reese, Docket No. 02-CR-441 (AMD)

Dear Judge Donnelly:

        Defendant respectfully submits this letter as a reply to the Government's letter today addressing both Defendant's exhaustion of his administrative remedies, and the status of an RRC ("Residential Reentry Center") and home confinement referral. Although the undersigned is represented by counsel, to ensure an appropriate record, this letter is submitted pro se. Further, the following is submitted under penalty of perjury, and pursuant to 28 U.S.C. 1746.

        On December 30, 2019 and February 28, 2020, utilizing the internal mail and Inmate Request To Staff Member forms, Defendant submitted to D. K. White, Warden (L.S.C.I. Allenwood), requests for compassionate release under 18 U.S.C. 3582(c)(1)(A) based on efforts which prevented an inmate suicide at the Metropolitan Correctional Center -- for which Defendant was provided a monetary award of $50 by the Bureau of Prisons. Defendant did not receive a response to either of the two requests from the Warden. It should be noted that each housing unit at L.S.C.I. Allenwood has a lock-box for outgoing mail, which is unlocked by the unit officer after midnight (Monday thru Thursday) to retrieve and process the outgoing mail. Thus, by depositing the Inmate Request to Staff Member forms in that box, there can be no question that the written requests were received by a prison official. Presumably, the requests were routed to the Warden's office. Thus, the Government's characterization of Defendant's representations (regarding the December 30, 2019 and February 28, 2020 requests) as false, are inaccurate and incorrect. Further, while the requests were placed in the outgoing mail depository, they did not involve a request relative to the coronavirus pandemic. Requests regarding the coronavirus pandemic were submitted electronically (to ensure a response) commencing on April 8, 2020. As noted, those requests were denied on the grounds that Defendant does not meet the criteria for home confinement placement under the CARES Act and the directive of the U.S. Attorney General.

        Finally, the Government misrepresents to the Court that Defendant's referral to an RRC and home confinement has not been approved by the Warden. Defendant was advised today, by Case Manager Albright, that not only was the referral approved by the Warden, but that it is currently pending final processing at the Designation and Sentence Computation Center in Grand Prairie, Texas.

        In sum, the undersigned has, to the extent required, exhausted his administrative remedies and the Government's response today establishes that the BOP has already determined that Defendant will not be granted any relief by the BOP because the Defendant does not meet the criteria established by the agency. Consequently, the Court should proceed to the merits of the motion. Notably, the Government has not opposed the motion on the merits -- a clear indication that Defendant is entitled to relief.

Respectfully submitted,

/s/ Christopher E. Reese-Thomas
_____
CHRISTOPHER E. REESE-THOMAS

cc: Andrew Wang, AUSA
    Matthew Wasserman, Esq.